UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS H. GOTSHALL, | ) | CASE NO. 5:18-CV-01608 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN CHARMAINE BRACY, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Kathleen B. Burke. (ECF #27). The Report and Recommendation, issued on October 29, 2019 is hereby ADOPTED by this Court. Petitioner's Federal Habeas Corpus Petition under 28 U.S.C. § 2254 (ECF #1) is therefore DENIED.

## Procedural History

On July 9, 2018, *pro se* Petitioner Chris H. Gotshall filed a Petition for a Writ of Federal Habeas Corpus under 28 U.S.C. § 2254 in its entirety. (ECF #1). On April 1, 2019,[1] Respondent, Warden, filed a Motion to Dismiss Petitioner's claim. (ECF #17). Petitioner and Respondent filed multiple replies. (ECF #21, 25).

In his petition, Petitioner raises three arguments: (1) ineffective assistance of counsel at the trial court level; (2) prosecutor misconduct; and, (3) denial of his the right to a speedy trial.

---

[1] Respondent originally filed a Motion to Dismiss on November 29, 2018. (ECF #11). However, the Court denied the motion without prejudice to ensure that all grounds for relief were addressed and to ensure all parties had the opportunity to be fully heard. (ECF #16).

(ECF #1).

In the Report and Recommendation, Magistrate Judge Kathleen B. Burke, evaluated the petition and determined that (1) it is untimely under 28 U.S.C. § 2244(d); and, (2) Petitioner failed to demonstrate an entitlement to equitable tolling of the statute of limitations. (ECF #27).

**Standard of Review for a Magistrate Judge's Report and Recommendations**

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) states:

> The district judge must determine *de novo* any part of the magistrate judge's dispositions that has been properly objected to. The district judge may accept, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

However, "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citations omitted).

The U.S. Supreme Court stated: "It does not appear that Congress intended to require district court review of magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to these findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Here, neither party objected to the magistrate judge's Report and Recommendation. Accordingly, this Court reviews the Report and Recommendation for a finding of clear error on the face of the record.

**Discussion**

2

This Court carefully reviewed the Report and Recommendation and agrees with the findings set forth therein. The Court finds Magistrate Judge Burke's Report and Recommendation to be thorough, well-written, well-supported, and correct.

On May 6, 2015, a jury found Petitioner guilty of felonious assault and the trial court sentenced him to four years in prison. (ECF #11). Petitioner appealed and on May 23, 2016, the Eleventh district Court of Appeals affirmed the trial court's judgment. (ECF #11). Petitioner had forty-five (45) days from the May 23, 2016 date (July 7, 2016) to appeal the Eleventh Court of Appeals' judgment to the Ohio Supreme Court. *See* S.Ct.Prac.R 7.01(A)(1)(a)(I). Petitioner did not file an appeal to the Ohio Supreme Court in that time.

Under 28 U.S.C. § 2244(d)(1)(A), Petitioner's one-year statute of limitations began to run when "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The direct appeal period for Petitioner's judgment of conviction expired on July 7, 2016. Thus, Petitioner had one year from that date (July 7, 2017) to file his federal habeas petition. However, Petitioner filed his federal habeas petition July 9, 2018, one year and two days after the one-year statute of limitations expired. (ECF #1). Accordingly, his federal habeas petition is time-barred.

During the one-year statute of limitations period, Petitioner did file various motions, which tolled the statute of limitations. (ECF #27). Based on the various filings, the statute of limitations was tolled until May 22, 2018 to timely file a federal habeas petition. (ECF #27). However, Petitioner did not file his petition until July 9, 2018, one month after the one-year statute of limitations expired. (ECF #1). Therefore, even taking into account the statutory tolling period, Petitioner's federal habeas petition is considered untimely under 28 U.S.C. § 2244(d).

## Conclusion

After careful evaluation of the record and having found no clear error, the Court ADOPTS the Report and Recommendation in its entirety. The Petitioner's Federal Habeas Corpus Petition under 28 U.S.C. § 2254, is therefore, DISMISSED in its entirety with prejudice.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the

4

constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.

For the reasons thoroughly discussed in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that this Court's assessment of Petitioner's claim is debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: December 3, 2019

5